**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

THOMAS E. THURLO, as next friend of
CHARLES D. MARINER, SR., also
known as Charlie D. Mariner,

        Plaintiff,

v.                                                No. CV 12-889 JB/LFG

GUIDING STAR LLC,
ROSEMARIE SANCHEZ,
PALOMA BLANCA HEALTH AND
REHABILITATION, TANYA WALTERS,
and GARY OLSSON,

        Defendants.

**MAGISTRATE JUDGE'S ANALYSIS
AND RECOMMENDED DISPOSITION[1]**

**Introduction**

THIS MATTER is before the Court on an Order of Reference [Doc. 4] to conduct a review of *pro se* Plaintiff Thomas E. Thurlo's ("Thurlo") "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" and "Request for Emergency Relief [Doc. 1] ("Complaint"), filed August 17, 2012. Thurlo did not pay a filing fee, but, instead, submitted an Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 3].

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed. *See, e.g.*, Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).

The intent of the *in forma pauperis* ("IFP") statute is to facilitate access to the courts and to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948).

Thurlo's IFP application indicates that he is on disability and has no property or assets with which to prosecute this litigation. Accordingly, the Court recommends allowing the filing of his Complaint without payment of a filing fee.

However, because Thurlo's lawsuit is defective as explained below and fails to state a cognizable claim on which relief may be granted, the undersigned magistrate judge recommends dismissal of the Complaint.

## Authority for Sua Sponte Analysis

While Congress removed barriers to court access for indigents by enacting the IFP statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).

In response to this congressional concern, federal courts "shall" dismiss an IFP complaint "if the court determines that . . . the action . . . if frivolous or malicious" or if the complaint "fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The United States Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) impose responsibilities on a court to scrutinize a complaint to ensure it meets specific pleading requirements. A court may dismiss a complaint if it

is obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109-1110 (10th Cir. 1991). *See also* Carson v. Tulsa Police Dep't, 266 F. App'x 763, 765 (10th Cir. Feb. 21, 2008) (unpublished) (applying Twombly plausibility standard in § 1915 review).

## **Nature of the Case**

Thurlo, acting *pro se*, attempts to bring civil rights claims on behalf of Charles D. Mariner, Sr. ("Mariner"). It is unclear if Thurlo is a friend or relative of Mariner. According to the Complaint, Mariner is a disabled veteran who was admitted to Paloma Blanca Health and Rehabilitation ("Paloma Health") in January 2011, for treatment of pneumonia. [Doc. 1.]

Thurlo alleges that Guiding Star LLC, a guardianship company that the state court appointed as guardian and conservator of Mariner,[2] Paloma Blanca, and various individual defendants who are employed either with Guiding Star or Paloma Blanca are violating Mariner's constitutional rights under 42 U.S.C. § 1983. [Doc. 1.] Thurlo contends, *inter alia*, that Paloma Blanca is not treating Mariner properly, has improperly withheld "potentially life saving" medical care and treatment, and has improperly withheld health care information and medical records from Mariner and members of his family to conceal deficiencies in Mariner's care. [Doc. 1, at ¶¶ 3, 4, 7.] Thurlo requests, in part, that the Court enter an "emergency order" vacating the existing Do Not Resuscitate order executed by Guiding Star and directing that Mariner be transported to the Veteran's Administration Medical Center for evaluation and treatment. [Doc. 1, at pp. 9-11.]

---

[2]Thurlo attached to the Complaint a copy of the Order Appointing Temporary Guardian and Conservator, filed on August 11, 2011 in the Second Judicial District Court. [Doc. 1, Ex. 1.] The Order appoints Guiding Star LLC as temporary guardian and conservator for Mariner. [Id.]

**Legal Standard**

In the wake of Twombly and Iqbal, courts must carefully scrutinize a party's complaint to determine if an actionable claim is asserted. In Twombly, the United States Supreme Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations." Twombly, 550 U.S. at 555. However, the Rule "demands more than an unadorned the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." These, the Court stated, "will not do." Twombly, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.

**Analysis**

I.   Section 1983 Claim:

Section 1983 authorizes monetary or injunctive relief when a party's federally protected rights have been violated by state or local officials or by private individuals acting under color of state law. 42 U.S.C. § 1983. As explained by the Tenth Circuit Court of Appeals:

> "To state a claim under [42 U.S.C.] § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 [] (1988). Private persons may be said to act " 'under color of' state law" if they are "jointly engaged with state officials in the challenged action." Dennis v. Sparks, 449 U.S. 24, 27-28 [] (1980). But "private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." Jojola v. Chavez, 55 F.3d 488, 492 (10th Cir.1995)  (citations and internal quotation marks omitted). [Plaintiff's] § 1983 claim is premised on the alleged denial of his rights to free speech and equal protection under the Fourteenth Amendment. A violation of the Fourteenth Amendment requires action by the state. In the context of § 1983 claims based on

4

> violations of the Fourteenth Amendment, as is the situation here, the under-color-of-state-law requirement in § 1983 is equivalent to the Fourteenth Amendment's state-action requirement. *See* Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 n. 8 [] (1999).

Hall v. Witteman, 584 F.3d 859, 864 (10th Cir. 2009). Stated differently, a person who asserts a claim under § 1983 must allege facts to satisfy two elements: (1) "that some person has deprived him of a federal right," and (2) "that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980).

Here, Thurlo attempts to allege violations of Mariner's Fifth Amendment due process rights and Fourteenth Amendment equal protection rights. The Fifth and Fourteenth Amendments to the Constitution are limitations on government actors not on individuals or non-governmental entities. *See* Walton v. U.S. Dep't of Agric., 2007 WL 1246845, at *4 (E.D.Mo. Apr. 30, 2007) (unpublished) (noting that the plaintiff failed to state a claim under the First, Fifth, and Fourteenth Amendments which apply only to governmental parties). Moreover, while Thurlo summarily asserts that Defendants acted under color of state law, his conclusory allegations are insufficient. None of his allegations demonstrate that Defendants are state actors or public officials, or that they acted with governmental power and authority. Instead, Defendants are private actors or entities. Private conduct constitutes state action only if it is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

Thurlo fails to allege any named Defendant was acting in concert with the government or state, that it or they were performing a public function, or that its or their conduct was fairly attributable to the state. To the extent that Thurlo claims Guiding Star is a state actor based on the state court order appointing it temporary guardianship of Mariner, his argument is unpersuasive. *See, e.g.,* Torres v. First State Bank of Sierra County, 588 F.2d 1322, 1326-27 (10th Cir. 1978)

(finding that state court's issuance of order affecting private parties does not convert a defendant into a state actor for purposes of § 1983; "color of law" reference in § 1983 was not intended to encompass a case where the only infirmities were excesses of a state court order).

To show "state action" for purposes of a Fourteenth Amendment violation, for example, the plaintiff must show that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Hall, 584 F.3d at 866 (citation omitted). Thurlo fails to sufficiently allege that the rehabilitation center or the guardian, or any of these entities' employees are clothed with the authority of state law. His formulaic recitations of the required elements will not do. Thus, the § 1983 claims are subject to dismissal for failure to state a claim, as Thurlo did not demonstrate the prerequisites for § 1983 relief.

## II.     Prosecution of Action by Non-Attorney Thurlo

The Complaint must be dismissed for another reason as well. Thurlo is not a licensed attorney.[3] Nor is he Mariner's appointed guardian, as confirmed by the exhibit to the Complaint. [Doc. 1, Ex. 1.] A civil party cannot be represented by a non-attorney. Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986). See Perry v. Stout, 20 F. App'x 780, 782 (10th Cir. Sep. 28, 2001) (unpublished) ("Non-attorney pro se litigants cannot represent other *pro se* parties."). *See also* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"). Thus, *pro se* Thurlo is not permitted to bring a lawsuit on behalf of another individual. The case is subject to dismissal on that ground as well.

---

[3]The State Bar of New Mexico does not list Thurlo as a licensed attorney in the State. Courts may take judicial notice of whether or not an individual is a licensed attorney. *See, e.g.,* Cottingham v. Policy Studies, Inc., 2008 WL 768854, at *9 n.9 (M.D.Tenn. Mar. 21, 2008) (unpublished) (court took judicial notice of whether attorney was licensed in state).

**Recommended Disposition**

That Thurlo's request to proceed *in forma pauperis* [Doc. 3] be GRANTED, and that the Complaint [Doc. 1] be DISMISSED with prejudice.[4]

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[4]*See* Jones v. Wal-Mart Corp., 350 F.App'x 195, 197 (10th Cir. Oct. 1, 2009) (unpublished) (affirming dismissal of § 1983 claims with prejudice because the plaintiff's "complaint did not allege [the defendant] was a state actor or that its alleged wrongdoing had sufficient nexus to state action to state a § 1983 claim").